IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOHN DOE**,

*Plaintiff,*

v.

**TEMPLE UNIVERSITY**,

*Defendant.*

**Case No. 2:23-cv-04433-JDW**

## MEMORANDUM

Courts are public. That's a foundational principle in American society. It means we give the public access to judicial records, we keep our courtrooms open for the public to watch the proceedings, and we require the parties litigating in court to disclose their identities. There are exceptions to all of these rules, but they are just that—exceptions. They get invoked sparingly, or we risk swallowing the general rule.

Plaintiff in this case seeks to invoke two exceptions to these rules. He wants me to let him proceed as a John Doe, rather than revealing his name, and he wants me to let him keep much of the material he submitted in support of his motion to proceed anonymously under seal. Plaintiff's request to proceed anonymously falls well short of the required showing, however. He suffers from an autoimmune condition that others who came before him in federal court also suffered. Yet his predecessors disclosed their identities, as have thousands of other plaintiffs who have chronic conditions and who seek

protection under the Americans With Disabilities Act. Plaintiff's case is not exceptional, and while I sympathize with his desire not to tell the world his name, he has not demonstrated that the fear that keeps him from doing so is a reasonable one. I will therefore deny his motion to proceed anonymously. I will also deny his motion to seal records that he submitted in support of the motion to proceed anonymously, with the exception of some documents that I did not consider in reaching my decision.

## I.      BACKGROUND

Plaintiff is a statistics professor who worked at Temple University from 2012 until June 30, 2022. He suffers from Myasthenia Gravis ("MG"), a chronic autoimmune disorder that weakens and disables muscle function, and he took leave under the Family and Medical Leave Act from August 2016 through January 2017 when he experienced a severe, life-threatening MG flare-up. During that time, he was admitted to the ICU and had to be intubated for a week. After his discharge, he took high doses of an immunosuppressing steroid for a year, and he also received intravenous immunoglobulin ("IVIG") infusions every three weeks for two years. According to Plaintiff, "the cost of treating a crisis and its sequelae exceeds $500,000[,]" and he does not have sufficient wealth to pay for the necessary treatments in the event of another crisis without health insurance. (ECF No. 10-1 at ¶ 24.) He also contends that "many health insurances deny or fail to cover treatments for [MG]." (*Id.* at ¶ 26.)

In the summer of 2021, Plaintiff requested a medical disability accommodation to teach his courses remotely due to his condition and the co-morbidities which could occur

with COVID-19. Shortly thereafter, Plaintiff began his tenure application. Temple's University Committee denied Plaintiff's tenure application on May 12, 2022, and Temple terminated his employment on June 30, 2022. Currently, Plaintiff works for a "Fortune 500 corporation and receive[s] employer-sponsored health insurance from Aetna[.]" (ECF No. 10-1 at ¶ 27.)

Plaintiff brought the instant lawsuit, alleging that Temple discriminated against him in violation of numerous anti-discrimination statutes by denying him tenure and terminating him based on his age, race, national origin, sex, and disability status. Relevant here, Plaintiff alleges that Temple fired him because of a disability, in violation the Americans with Disabilities Act. He also contends that Temple violated the FMLA by terminating him in retaliation for taking FMLA leave in late 2016 and to avoid having to permit him to take FMLA leave in the future, should another flare-up occur. Plaintiff filed his suit as a John Doe and seeks to prosecute his claims against Temple under a pseudonym because he fears that if his identity is revealed, his new employer will learn about his condition and terminate him, leaving him without adequate health insurance and jeopardizing his condition.

## II.     MOTION TO PROCEED VIA PSEUDONYM

### A.     Legal Standard

Federal Rule of Civil Procedure 10(a) requires a complaint to include a "title" that "name[s] all the parties." Fed. R. Civ. P. 10(a). This rule "illustrates 'the principle that judicial proceedings … are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir.

2011) (quotation omitted). Indeed, "[t]he people have a right to know who is using their courts." *Id.* (same). Thus, a court should permit a party to proceed on an anonymous basis only in "***exceptional*** cases." *Id.* (emphasis added). To proceed using a pseudonym, the movant "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quotation omitted). Once the party makes that showing, the Court must consider a variety of factors to determine whether that party's reasonable fear of severe harm outweighs "the public's strong interest in an open litigation process." *Id.* (citations omitted). The Court need not consider those factors at this time, however, because Plaintiff has not made the requisite showing of a ***reasonable*** fear of severe harm.

B. **Discussion**

This is not the type of exceptional case that justifies permitting Plaintiff to conceal his identity. **First**, there's nothing exceptional about a case in which a plaintiff claims to have a continuing disability that might affect his or her standing with a current and/or future employer and that requires continued medical care and insurance. In federal courts, plaintiffs often disclose their identity despite having MG, the same autoimmune disease that Plaintiff has.[1] And plaintiffs routinely disclose their identities despite having other

---

[1] *See, e.g.*, *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189 (11th Cir. 2004); *Cunningham v. City of Detroit*, No. 21-cv-12459, 2022 WL 17814289 (E.D. Mich. Nov. 16, 2022); *Bunda v. Potter*, No. 03-cv-3102, 2005 WL 8174569 (N.D. Iowa Oct. 24, 2005); *see also Fauconier v. Clarke*, 966 F.3d 265 (3d Cir. 2020); *Furgess v. Pa. Dept. of Corrections*, 933 F.3d 285 (3d Cir. 2019).

chronic conditions, including cancer, diabetes, and depression, among others.[2] These cases are but the tip of the iceberg. The plaintiff in each of these cases had the same concern as Plaintiff in this case: his or her chronic condition might impact current or future employment. The fact that plaintiffs bringing ADA discrimination claims must disclose their name and condition is not extraordinary, even when the condition is MG. it's normal.

**Second**, whatever fear Plaintiff has is not reasonable. His fear rests on the notion that his current employer would fire him if it learns about his MG and subsequent employers would refuse to hire him. But any employer that makes employment decisions based on Plaintiff's MG could run afoul of the ADA. It is not reasonable for Plaintiff to assume, or to ask me to assume, that employers will break the law. And if they don't break the law, then Plaintiff will not suffer the harms that he fears.

Plaintiff's fear is also unreasonable because he has not demonstrated the reasonableness of his fear of adverse health consequences if he discloses his name. Even if Plaintiff discloses his name in this case, he does not have to disclose his MG diagnosis to his current employer. And while his name will become a matter of public record, he has not given me any reason to think his employer is paying attention to this case, or that it would going forward. Certainly, his current employer has no reason to run the kind of employment-related background check that he references in his motion. Even if the

---

[2] *See, e.,g., Eastmond v. Galkin*, No. 21-cv-5280, 2024 WL 40498 (E.D. Pa. Feb. 2, 2024); *Pickney v. Modis, Inc.*, No. 22-cv-1822, 2022 WL 17652698 (E.D. Pa. Dec. 13, 2022); *Showers v. Endoscopy Ctr. Of Central Pa.*, LLC, 58 F.Supp.3d 446 (M.D. Pa. 2014).

disclosure of Plaintiff's name increases the odds somewhat that his employer learns about his diagnosis, he has not shown that the consequences he fears are reasonable.

Plaintiff offers a lot of data about Cigna being a unicorn insurer that would permit him to see his doctor and cover his treatments but also posits that Cigna denies claims at a higher rate than other insurers. Plaintiff's belief that Cigna denied more claims than other insurers is based on thirteen-year-old data. He offers no explanation as to why this data is (or would be) relevant at some point in the future when he *might* be unemployed. And his motion acknowledges that at least two other insurers cover the treatments he might need. While no one wants to encourage a change in treating physician, the remote possibility of that change in order to secure necessary care does not rise to the level of a reasonable fear to permit an anonymous plaintiff.

**Third**, and finally, Plaintiff's fear is, at bottom, an economic one. He's worried about his job and his health insurance. But the possibility of economic harm is not a reason to permit a plaintiff to proceed under a pseudonym. *See Megless*, 654 F.3d at 408. Although Plaintiff expresses concern about coverage denials in the event of a crisis, that harm is really one about who would pay for the treatment, not whether the treatment would be available in the first place. It's possible that Plaintiff would not be able to afford the bill for the care he would receive in this hypothetical, but that's still an economic harm.

Plaintiff survived a harrowing health crisis in 2016. No doubt, that impacted him, and it's understandable that he does not want to experience something like that again. However, if Plaintiff were to suffer another life-threatening flare-up or death in the future,

his underlying condition would be to blame, not the public nature of this lawsuit. In situations like this, a judge must fulfill his or her role as the "principal champion" of the public's right of access to judicial records. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021). I will not permit Plaintiff to pursue his claims in secret based on a series of unsupported assumptions. Thus, I will deny his motion to proceed using a pseudonym.

### III.     MOTION TO SEAL

#### A.     Legal Standard

The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "A 'judicial record' is a document that 'has been filed with the court … or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Id.* (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added). A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same).

### B.     Discussion

Exhibits A-1 and A-2 to Plaintiff's Motion To Proceed Via Pseudonym are excerpts from Plaintiff's medical records. The Third Circuit has "long recognized the right to privacy in one's medical information." *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001). It follows, then, that medical records are a type of information that courts will protect from public view. *See, e.g.*, *Doe v. Mercy Cath. Med. Ctr.*, 855 F. App'x 842, 852 n.15 (3d Cir. 2021); *Moore v. CVS Rx Servs., Inc.*, 660 F. App'x 149, 153 n.4 (3d Cir. 2016). The harm that follows is the invasion of the patient's privacy. I did not need to rely on Plaintiff's medical records to rule on his Motion To Proceed Via Pseudonym, and those records had no bearing on my analysis. Therefore, the public interest in those records is minimal, whereas Plaintiff's privacy interest is significant. Because Plaintiff's interest in privacy outweighs the public's right of access, I will permit Plaintiff to keep those exhibits under seal.

The same is true with respect to the letter at Exhibit A-3 from Plaintiff's doctor to the Dean of the Fox School of Business at Temple University. Although this information was disclosed to Temple, it is not necessarily "available" to the public. In addition, I did not rely on this letter when rendering my decision on Plaintiff's Motion To Proceed Via Pseudonym. Under these circumstances, Plaintiff's interest in privacy outweighs the public interest in access to the letter, and I will permit Plaintiff to keep Exhibit A-3 under seal.

However, the same is not true with respect to the proposed redactions of portions of Plaintiff's brief and affidavit accompanying his motion, in which he identifies his illness and provides information about the life-threatening event he experienced in 2016. Those

facts bore on my analysis of whether Plaintiff established a fear of severe harm. Those facts are also part of the relevant factual background underlying some of Plaintiff's claims in this case. As such, the public right of access to Plaintiff's affidavit is much greater and outweighs his right of privacy. Thus, I will not permit Plaintiff to file his supporting brief and affidavit with the proposed redactions relating to his medical history.

I also will not permit Plaintiff to redact general information about his medical condition. Plaintiff cites multiple sources of information in both his brief and affidavit that are available to the public, relating to his illness. Information that is available to the public is not the sort of information that courts protect from public view, nor has Plaintiff identified a specific harm that will befall him if that information is disclosed in this lawsuit. Thus, I will not permit Plaintiff to make redactions to his brief and affidavit providing general information about his medical condition, nor will I permit him to file Exhibits A-4, A-5, and A-6 under seal, as those exhibits are brochures and/or studies that are available to the public. Likewise, sealing is not warranted with respect to Exhibit A-8, which is a chart that summarizes Plaintiff's research based on publicly available sources.

Finally, Plaintiff seeks to redact the name of the university where he received his doctorate and seeks to redact his doctor's name in Exhibit A-8. Plaintiff has not shown that the identity of a party's alma mater or his physician, on its own, is information that courts protect from public view, and he has not articulated any specific harm that will occur if either piece of information is disclosed in this lawsuit. Thus, plaintiff has not met his burden to demonstrate that the information should be kept from public view.

## IV.     CONCLUSION

Courts are public fora, meaning the public gets to know who's litigating there. Plaintiff has not shown enough to change that fact, so I will deny his motion to proceed under a pseudonym. In addition, Plaintiff has not met the heavy burden necessary to warrant sealing most of the documents he submitted in support of that motion. An appropriate Order follows.

BY THE COURT:

/s/ Joshua D. Wolson<br>JOSHUA D. WOLSON, J.

February 26, 2024